FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAR 30 A 11: 39

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**MARCH 28, 2000**
**MITCHELL, JUDGE**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK JOSEPH CASTANEL** | CIVIL ACTION |
| **VERSUS** | NO. 00-146 |
| **STATE OF LOUISIANA** | SECTION "LLM" |

Petitioner Mark J. Castanel has forwarded to this Court what he has referred to as "Original Addendum for Expansion of Record." This Court **ORDERS** that this addendum be filed into the above captioned record.

In addition, It is **ORDERED** that petitioner be forwarded a copy of the document so he is informed that this addendum has been enetered into the record.

*[signature]*

DATE OF ENTRY
MAR 3 0 2000

Fee___
Process___
X Dktd___
___CtRmDep___
Doc.No. 5

March 23, 2000

United States District Court
Eastern District, Sect: "LLM"
Honorable Judge Mitchell

Mark J. Castanel
107-52, Dorm: H-7
Phelps Corr. Ctr.
P.O. Box 1056
DeQuincy, La. 70633

Re: <u>expansion of Record</u>
    <u>Pursuant to Rule 7(a&b)</u>
    <u>Case No.CV-00-0146</u>

FILED MAR 30 2000
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
LORETTA G. WHYTE
CLERK

Dear Honorable Judge Mitchell:

   Please find enclosed an original addendum for expansion of record pursuant to rule 7(A&B) of the Fed.C.P.R.

   This newly added information was prepared by the Orleans Clerk of COurt on March 6, 2000 and received on March 13th, 2000 by the petitioner at Phelps Correctional Center.

   Moverover, this newly submitted information will demonstrate that the person used concerning the habitual offender multibill proceedings is not one in the same as the petitioner pursuant to R.S. 15:529.1 et. seq.

   Please acknowledge receipt of this addendum and forward to petitioner a copy of the 'Master Docket' showing that it has been entered in the record.

                                    Respectfully Submitted,
                                    Mark Joseph Castanel

Fee____
Process____
X Dktd____
____CtRmDep____
Doc.No.____

CC:
   Files
   Olreans Criminal District Court
   Division "L", Honorable Judge Alarcon

```
*************************

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

OF LOUISIANA
*************************

**********

CV-00-0146

**********
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK JOSEPH CASTANEL #107752                CIVIL ACTION

VERSUS                                       CV-00-0146

STATE OF LOUISIANA                           SECTION: "LLM"


**ADDENDUM**

Pursuant to Title 28 Judiciary and Judical Procedure, Federal Civil Judicial Procedure and Rules, Rule 7(a&b), Expansion ofRecord; Material to be added.

Petitioner, Mark Joseph Castanel, Pro-Se litigant, disposes and saids that the added material is submitted as an exhibit[s] and argued for the reason of demonstrating that the prior case used against petitioner for the multibill purposes pursuant to R.S. 15:529.1 is in fact unconstitutional and is ill-refutably a different person unrelated to the petitioner. Recently the clerk of court Honorable Edwin A. Lombard mailed the documents to the petitioner that will be requested added as exhibits. Petitioner receive these documents on the 13th, day of, March, 2000.

**ADDENDUM/EXPANSION OF RECORD**

On the 13th, day of, March 2000, Honorable Edwin A. Lombard compiled a **Transmittal of Documents Request,** [SEE ATTACHED EXHIBIT A], stating that he was "Also sending you,petitioner, copies of case 302-951 as you, petitioner, will see that case belongs to someone else."

Case Number 302-951 is the alleged case cited by ADA Kenny Bordelon; Jane Beeche, and Robert Freeman within the **Bill of Information,** [SEE ATTACHED EXHIBIT B], in case number 391-923, Section "L", of the Orleans

[1]

District Court, On October 10, 1997, for the charge of R.S.14:69(a) against the above named petitioner.

Case number 302-951, belongs to Robert RObbins, Jr., for a violation of R.S. 14:35(2cts) and R.S. 14:108, pursuant to the same listed case number in the States multibill bill of information,[exhibit b], and the **Docket Master,**[SEE ATTACHED EXHIBIT C], of the division of court mr. Robbins was adjudicated in.

Furthermore, Mr. Robbins was arraigned on August 6, 1984 and convicted on Ocotber 22, 1984. Mr. Robbins **Police Report,**[SEE ATTACHED EXHIBIT D], shows that he was born in "1954" nine years before the petitioner. And has a different Social Security Number, therefore this demonstrates that the State did not supplement the prior case. Moreover, Petitioner was incarcerated in the Department of Public Safety & Corrections by the date of OCtober 22, 1984 which the State needed to prove for the multibill's cleansing period determination govern by section "C" of R.S. 15:529.1.

Therefore, petitioner claims that the State did not even introduce or supplement the prior record. Nor provided the record to petitioners defense counsel as seen in **State v. Brown, 514 So.2d 99 (La. 1987), State v. Hawthorne, 580 So.2d 1131 (La.App. 4th Cir. 1991), State v. Picot, 718 So.2d 517 at 521 (La.App. 4th Cir. 1998).** Petitioner contents that even though a 'Waiver' is deemed an intentional relinquishment it is an instructed relinquishment from appointed counsel after he has been given the priviledge of reviewing the States evidence at pr-trial plea agreement bargining. Therefore, the appointed counsel makes the determination of what is the **"best"** outcome for the duly charge in the plea bargaining stages. Them the defendant makes the necessary choice that appears most tailor-made lenient to him.

II

Petitioner cites that the basis for a valid sentence pursuant to **La.C.Cr.P.Art. 872(2)** Indictment is challengeable. The multibill 'bill of information',[see exhibit b], was erroneous and should be allowed by this Honorable Court's patent review of the record standard. An information as cited in Black's Law Dictionary, 5th Ed. Page 779:

> "AN ACCUSATION EXHIBITED AGAINST A PERSON
> FOR SOME CRIMINAL OFFENSE."

In **State v. Armant, 719 So.2d 510 at 518 note (18), 97-1256, (La.App. 5 Cir. 1998).** The circuit court cited that "For the purpose of an error patent review the 'record' in a criminal case includes the caption, the time and place of holding court, the Indictment or Information." cf. **State v. Henderson, 283 So.2d 210, 53577 (9/24/73).**

Petitioner argues that a mere inspection by the Distric tAttorney and the defense counsel appointed the handle the case for the petitioner would have clearly demonstrated that the accused in the prior was not the petitioner, therefore how can the State offer this as evidence for multibill purposes knowing that this would deemed an illegal sentence pursuant to the provisions of **R.S.15:529,1 et seq.**

III

Petitioner cites further that appointed counsel did not offer "One plausible line of defense through reasonable substantial investigation", [SEE ATTACHED 4TH CIR. RULING EXHIBIT E], as handed down in the **Strickland v. Washington, 104 S.Ct. 2052 at 2061, 466 U.S. 668 at 682, 80 L.Ed.2d 674 (1984).**

Petitioner states that in the event the defense counsel did review the States exhibits than he was bound to the United States Constitution, and Louisiana State Constitution; Professional Code of Ethics, and

[3]

the Criminal Code of Procedure Attorneys use to litigate.

Petitioner purposes to this Honorable Court. How could Mr. Collins, appointed counsel, allow petitioner to plea to a habitual offender charge knowing petitioner was not the one and the same person alleged; plus the ramifications surrounding such a travesty that petitioner finds himself now experiencing. This act alone should pierce the veil of the states actions in the event brady material actually were provided.

The three listed ADA's and the petitioner's appointed counsel clearly ignored the standards and implicated proceedings as it relates to the protection of petitioner's due process rights within the discovery and brady realm. Thus by doing so they frivously and unlawfully displayed their actions of overzealous prosecution and deliberate personal indifference towards petitioner.

**Inclosing**, petitioner humbly implores this Honorable Court to overlook any time stipulation doctrine and conduct its own error patent review and vacate the multibill sentence.

Prepared & Submitted By:

*Mark J. Castanel*

Mark Joseph Castanel
107752, Dorm: H-7
Phelps Correctional Center
P.O. Box 1056
DeQuincy, La. 70633

CC:
   Files
   Orleans Criminal District Court
   Division "L", Honorable Judge Alarcon



# Office Of The Clerk Of Court
### PARISH OF ORLEANS
### CRIMINAL DISTRICT COURT
### EDWIN A. LOMBARD, CLERK
#### EX-OFFICIO CUSTODIAN OF VOTING MACHINES

2700 Tulane Avenue
New Orleans, Louisiana 70119
504/827-9260

TRANSMITTAL OF DOCUMENT REQUEST

March 6, 2000

Dear  Mr. Castanel   #107752              :

As per your request of  Order of the Fourth Court of Appeal   in reference to Case Number(s)  391-923   Section " L ".

Enclosed please find certified copies of:

Certified copies of the entire record in the Clerk's Office.  I am also sending you copies of Case No. 302-951 as you will see that case belongs to someone else.

Copies such as police reports, coroner's reports, print-out of all arrests are not in clerk's office files.  I suggest you contact the various departments.

For trial, sentencing and plea of guilty transcripts verbatim etc: copies must be obtained from the Court Reporter for Section  L  of the Criminal District Court for Orleans Parish.

I hope this information is sufficient, but should you need any additional information or assistance, please feel free to contact this office.

Mailed to:
D.O.C. #107752
Dorm H-5 Box 1056
DeQuincy, LA. 70633

cc: Fourth Court of Appeal
    No. 99-K-2673

Sincerely,

EDWIN A. LOMBARD, CLERK
CRIMINAL DISTRICT COURT

BY: _____ DEPUTY CLERK

March  6, 2000
DATE

enclosures
cc: case file

["EXHIBT A"]

CRIMINAL DISTRICT COURT FOR THE PARISH OF ORLEANS

_Jane Beebe_, Assistant District Attorney for the Parish of Orleans, who in the name and by the authority of the said State, prosecutes, in this behalf, in proper person comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that one _Mark Casturel_

was duly charged in a bill of information filed on _9-12_ 199_7_, by _Robert Freeman_, Assistant District Attorney for the Parish of Orleans, Criminal District Court Case Number _391 923_, of the Docket of Section "_L_," with the crime of violating _14 69(A)_, relative to _possession of a Stolen autos_, a felony under the law of Louisiana, that afterward, on _10_ day of _November_, 199_7_, the said accused _pled guilty as charged_.

And now the said _Jane Beebe_, ADA for the Parish of Orleans, who prosecutes on behalf of the State of Louisiana; comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that heretofore, the said _Mark Casturel_, was duly charged in case number _302 951_ of the docket of Section "_Q_," with the crime of violating LRS _14.(27) 65_, relative to felony, _attempted robbery_, that afterward, on the _30_ day of _July_, 198_4_, the said accused _pled guilty as charged_.

And now the said _____, ADA for the Parish of Orleans, who prosecutes on behalf of the State of Louisiana; comes into the Criminal District Court for the Parish of Orleans, in the Parish of Orleans, and gives the said Court here to understand and be informed that heretofore, the said _____, was duly charged in case number _____ of the docket of Section "___," with the crime of violating LRS_____, relative to felony, _____, that afterward, on the ____ day of _____, 199_, the said accused _____.

The said _Mark Casturel_, who was sentenced as first above in case no. _391 923 "L"_ is one and the same person who was sentenced in case number _302 951 "Q"_.

That the said accused should now be sentenced in conformity with the provisions of R.S. 15:529.1 and that all these crimes herein are...

["EXHIBIT B"]

Clerk's Office MAR 0 6 2000  20___
A True Copy
_____ Deputy Clerk.
Criminal District Court   Parish of Orleans

contrary to the form of the Statute of the State of Louisiana in such case made and provided and against the peace and dignity of the same.

_____
Assistant District Attorney for the Parish of Orleans

PLEASE FILE IN RECORD
DATE _____
MINUTE CLERK _____

FILMED

ORLEANS PARISH CRIMINAL DISTRICT COURT

| | | |
|---|---|---|
| STATE OF LOUISIANA<br>VS.<br>ROBERT ROBBINS JR. | VIOLATION(S):<br>R.S 14:35(2cts)<br>R.S 14:108<br>SIMPLE BATTERY/RESISTING AN<br>ARREST. | CASE NO. 302-951<br>SECTION: H<br>CLASS: 4th |

| DATE | PROCEEDINGS |
|---|---|
| 8/1/84 | Filed Bill Of Information<br>Capias Issued<br>Bond Set $3,000.00<br>Magistrate Court Paperwork Filed (M-148794, DOB 4-2-54) |
| 8/2/84 | Allotted. Arraignment set for 8/6/84.<br>Filed (3) Surety Bond $3,000.00, Date of Bond: 7/6/84.<br>Surety: South Central Ins. Co. |
| 8/6/84 | Defendant Robbins attended by Counsel, Leon Cannizzaro, Esq., for Arraignment. Defendant thru Counsel, entered a Plea of Not Guilty. Pleadings to be filed by 8/17/84. Hearing on Pleadings and Pre-Trial set for 8/24/84. Defendant notified in Court and released. Send other notices. |
| 8/20/84 | Defense Counsel, Leon Cannizzaro, Esq., filed Application for Bill of Particulars and Motion for Discovery and Inspection. Hearing date previously set for 8/24/84. |
| 8/24/84 | Defendant Robbins attended by Counsel, Leon Cannizzaro, Esq., for Hearing on Pleadings. State filed Answers to Motion for Bill of Particulars, Discovery and Inspection. Hearing on Pleadings reset for 9/14/84. Defendant notified in Court and released. Send other notices. |
| 9/11/84 | Motion Hearings reset for 9/21/84, as per ADA's Office. |
| 9/21/84 | Hearing on Pleadings and Trial set for 10/22/84. Defendant Robbins notified in Court and released. Send other notices. |
| 10/22/84 | Defendant Robbins attended by Counsel, Leon Cannizzaro, Esq., for Hearing on Pleadings and Trial. Defendant thru Counsel, withdrew his former Plea of Not Guilty and entered a Plea of Guilty as Charged. Defendant was Sentenced to serve six (6) months in Parish Prison, with credit for time served, on each count-concurrent. Suspended. Defendant placed on two (2) years Active Probation. Sentence to run concurrent with any other Sentences. |

**CLOSED**

["EXHIBIT C"]

MAR 0 6 2000
Clerk's Office _____ 20____
A True Copy
_____ Deputy Clerk.
Criminal District Court
Parish of Orleans

# DEPARTMENT OF POLICE
## NEW ORLEANS, LA.
### ARREST REGISTER - MAGISTRATE OR MUNICIPAL COURT COPY

**ARRESTEE DATA**

| ARRESTEE NAME | | JR | RACE | SEX | BIRTH DATE | HEIGHT | WEIGHT | HAIR | EYES | SKIN | ARREST NUMBER |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ROBBINS | ROBERT | JR | N | M | 040256 | 509 | 160 | BLK | BRO | MED | 00704397 |

| ARRESTEE ADDRESS | | CITY | STATE | BIRTH STATE | NATIONALITY | BUREAU OF ID NO |
|---|---|---|---|---|---|---|
| 812 | FELICITY ST | NEW ORLEANS | LA | LA | US | 201226 |

| OCCUPATION | EMPLOYER | MOTION NUMBER |
|---|---|---|
| UNEMPLOYED | | 00444587 |

| ALIAS NAME | MARITAL STATUS | SOCIAL SEC. NO | OPERATOR'S LICENSE NO | LIC ST | YEAR |
|---|---|---|---|---|---|
| | SINGLE | 437901065 | | | |

**MARKS, SCARS, TATTOOS, ETC**
TATBRARM "SNAKE, EAGLE"

**IF INJURED DESCRIBE BY WHOM AND IF TREATED, IF INTOXICATED DESCRIBE TO WHAT DEGREE**
AIIS "ALRIGHT"

| ADDICT | METHADONE |
|---|---|
| | |

| VEHICLE INVOLVED LICENSE NUMBER | LIC ST | YEAR | VEH YR | MAKE | MODEL | TYPE | COLOR | VEHICLE IDENTIFICATION NUMBER | DISPOSITION |
|---|---|---|---|---|---|---|---|---|---|

**ARREST DATA**

| LOCATION OF ARREST | | DIST & ZONE | DATE OF ARREST | TIME OF ARREST | DATE OF BOOKING | TIME OF BOOKING | ITEM NUMBER |
|---|---|---|---|---|---|---|---|
| 812 | FELICITY ST | 5E | 061984 | 0530 PM | 061984 | 0838 PM | F2266684 |

| ARRESTING OFFICER'S NAME | | OFFICER'S SER. | UNIT | ARREST CREDIT |
|---|---|---|---|---|
| GLASSER | M | 1690 | 2572 | 72 |

| TRANSPORTING OFFICER'S NAME | | OFFICER'S SER. | UNIT |
|---|---|---|---|
| FORTUNATO | G | 2275 | 2572 |

**CHARGES AND COURT SCHEDULE**

| ORDINANCE STATUTE NO | AFFIDAVIT NO | RELATIVE TO |
|---|---|---|
| 1 RS 14-402 | | INTRODUCING CONTRABAND TO A CORRECTIONAL FACILITY |
| 2 RS 40-966050 | | POSS. OF MARIJUANA WITD (73 CIGARETTES) |
| 3 RS 14-35 | | BATTERY |
| 4 RS 14-35 | | BATTERY |
| 5 RS 14-108 | | RESISTING ARREST BY FIGHTING |

| COURT OF TRIAL | SECTION | DATE OF TRIAL | TIME OF TRIAL |
|---|---|---|---|
| | M | 062684 | 1000 AM |

BOND

**OFFENSE DATA**

| LOCATION OF OFFENSE | | DATE OF OFFENSE | TIME OF OFFENSE | DAY OF WEEK | WEAPON |
|---|---|---|---|---|---|
| 812 | FELICITY ST | 061984 | 0530 PM | TUESDAY | |

| COMPLAINANTS OR WITNESSES NAME | RACE | SEX | BIRTH DATE |
|---|---|---|---|
| 1. STATE OF LA | | | |

| ADDRESS | CITY | STATE | TELEPHONE NUMBER |
|---|---|---|---|

| COMPLAINANTS OR WITNESSES' NAME | RACE | SEX | BIRTH DATE |
|---|---|---|---|
| 2. SMITH | W | M | 012529 |

| ADDRESS | CITY | STATE | TELEPHONE NUMBER |
|---|---|---|---|
| 901 DELERY ST | | | 2775841 |

**REMARKS**
ARRESTEE WAS ARRESTED AFTER A RUFFER SEARCH AT THE CORRECTIONAL FACILITY AT JACKSON BARRACKS REVEALED THE ABOVE DESCRIBED CONTRABAND TO BE IN HIS POSSESSION. ARRESTEE WAS EMPLOYED AS A CORRECTIONAL OFFICER FOR THE WORK TRAINING FACILITY. ARRESTEE RESISTED ARREST BY THE ARRESTING OFFICERS AND COMMITTED SIMPLE BATTERY ON SUPERIOR OFFICERS AS LISTED ABOVE. 3 RD FLOOR HDQ. FOI OF CASE.

["EXHIBIT D"]

MAR 0 6 2000
Clerk's Office
A True Copy
R.W. Oho _ Deputy Clerk
Criminal District Court
Parish of Orleans

| SIGNATURE | TIME IN | SIGNATURE |
|---|---|---|
| P. JOHN | 0840 PM | W. STEPSON |
| DOORMAN TYPE NAME | | DESK SERGEANT TYPE NAME |

["EXHIBIT E"]

NO. 2000-K-0115

COURT OF APPEAL, FOURTH CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

versus

MARK J. CASTANEL

| | |
|---|---|
| In Re: | MARK J. CASTANEL |
| Applying for: | SUPERVISORY WRIT |
| Directed to: | HONORABLE FRANK A. MARULLO, JUDGE CRIMINAL DISTRICT COURT, ORLEANS PARISH DIVISION "D", #302-951 |
| **AND** | HONORABLE TERRY A. ALARCON, JUDGE CRIMINAL DISTRICT COURT, ORLEANS PARISH DIVISION "L", #391-923 |

**WRIT APPLICATION GRANTED IN PART**

On June 17, 1999, in writ 99-K-1363, the district court was ordered to provide Mr. Castanel with a copy of the July 30, 1984 *Boykin* transcript in case #302-951, or to inform this court if it were no longer available, within sixty days and to forward copies of the transcript and cover letter to this court to show compliance. This court has not received proof of compliance. Accordingly,

IT IS ORDERED that Section "D" of Criminal District Court provide Mr. Castanel with a copy of the July 30, 1984 *Boykin* transcript in case #302-951 if it has not already done so, or inform this court if it is no longer available, within

1

["EXHIBIT E CONT."]

thirty (30) days of this Order and to forward copies of the transcript and cover letter to this court to show compliance. Failure to comply will result in the initiation of contempt proceedings.

Mr. Castanel's address is: Mark J. Castanel, #107752, Phelps Correctional Center, H-5, P.O. Box 1056, DeQuincy, LA 70633.

Mr. Castanel's request for enforcement of this court's orders in writs 99-K-1365 and 99-K-2673 is moot. **The district court record of case #391-923 contains no written pre-trial motions.**

New Orleans, Louisiana this 8th day of March, 2000.

———————————————
JUDGE PATRICIA RIVET MURRAY

———————————————
JUDGE WILLIAM H. BYRNES, III

———————————————
JUDGE CHARLES R. JONES


PLEASE SERVE: RONI AUCOIN
JUDICIAL ADMINISTRATOR'S OFFICE
ORLEANS PARISH CRIMINAL DISTRICT COURT
2700 TULANE AVENUE
NEW ORLEANS, LA 70119

MAR - 8

2

MONDAY, NOVEMBER 10, 1997

CRIMINAL DISTRICT COURT
PARISH OF ORLEANS
SECTION "L"

HONORABLE TERRY Q. ALARCON, JUDGE PRESIDING
LESTER M. REED, MINUTE CLERK
CINDY GEBBIA, COURT REPORTER

STATE OF LOUISIANA

VS

MARK CASTANEL

CASE NUMBER: 391-923                                   DOCKET PG. NO.: 8

VIOLATION: 14:69                                       ADA: KENNY BORDELON

THE DEFENDANT APPEARED BEFORE THE BAR OF THE COURT ATTENDED BY COUNSEL DONALD COLLINS FOR TRIAL. THROUGH COUNSEL, THE DEFENDANT WITHDREW HIS FORMER PLEA OF NOT GUILTY AND TENDERED TO THE COURT A PLEA OF GUILTY AS CHARGED TO R.S.14:69. THE DEFENSE COUNSEL SUBMITTED A WAIVER OF CONSTITUTIONAL RIGHTS FORM, PROPERLY FILLED OUT, SIGNED AND WITNESSED. THE COURT THEN VERBALLY ADVISED THE DEFENDANT OF HIM CONSTITUTIONAL RIGHTS, MORE PARTICULARLY THE RIGHT TO TRIAL BY JUDGE OR JURY, THE RIGHT TO COUNSEL, THE RIGHT TO APPEAL, THE RIGHT TO CONFRONT AND CROSS-EXAMINE THE WITNESSES AGAINST HIM AND HIS PRIVILEGE AGAINST SELF-INCRIMINATION NOW AND AT THE TIME OF THE TRIAL IF THERE SHOULD BE ONE. THE DEFENDANT INFORMED THE THAT HE UNDERSTOOD HIS RIGHTS BUT WISHED TO WAIVE THEM. THE COURT ACCEPTS THE GUILTY PLEA IN THIS MATTER AND FINDS THE PLEA WAS MADE FREELY AND VOLUNTARILY AND THERE IS A BASIS IN FACT AND LAW. THE DEFENDANT WAIVED ALL LEGAL DELAYS AND THE COURT SENTENCED THE DEFENDANT TO SERVE SEVEN(7)YEARS IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS WITH CREDIT FOR TIME SERVED.

THE STATE THEN FILED A MULTIPLE BILL AGAINST THE DEFENDANT. THROUGH COUNSEL, THE DEFENDANT TENDERED TO THE COURT A PLEA OF GUILTY AS CHARGED TO THE MULTIPLE-BILL UNDER THE PROVISIONS OF R.S.15.529.1. THE COURT INTERROGATED THE DEFENDANT, INFORMED HIM OF HIS CONSTITUTIONAL RIGHTS, MORE PARTICULARLY, THE RIGHT TO A FULL HEARING IN THIS MATTER, THE RIGHT TO REMAIN SILENT, AND THE RIGHT TO HAVE THE STATE PROVE **THAT HE IS ONE AND THE SAME DEFENDANT WHO WAS PREVIOUSLY CONVICTED IN CASE NUMBER 302-951**, FOUND FACTUAL BASIS, AND ORDERED THE PLEA OF GUILTY RECORDED AS A DOUBLE OFFENDER UNDER THE PROVISIONS OF R.S.15.529.1 THE DEFENDANT WAIVED AL LEGAL DELAYS AND CHOSE IMMEDIATE IMPOSITION OF SENTENCING. THE COURT SENTENCED THE DEFENDANT AS A DOUBLE OFFENDER UNDER THE PROVISIONS OF R.S.15.529.1. AS A DOUBLE OFFENDER TO SERVE SEVEN(7)YEARS IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS, WITH CREDIT FOR TIME SERVED. THE PREVIOUS SENTENCE WAS ORDERED VACATED AND SET ASIDE. PURSUANT TO ARTICLE 892 OF THE CODE OF CRIMINAL PROCEDURE, THE CRIMINAL CLERK IS TO NOTIFY THE DEPARTMENT OF CORRECTIONS.