

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK J. CASTANEL | CIVIL ACTION |
| VERSUS | NO. 00-0146 |
| STATE OF LOUISIANA | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (c) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. The reference includes three motions that have been submitted since the petition was filed: (1) respondent's Motion to Dismiss (Rec. Doc. 12); (2) petitioner's Motion for Addendum to Record (Rec. Doc. 14); and (3) petitioner's Motion for the Issuance of a Subpoena Duces Tecum (Rec. Doc. 15).



Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, it is recommended that respondent's motion to dismiss be **GRANTED,** the instant petition for habeas corpus relief be **DENIED** and the petition be **DISMISSED WITH PREJUDICE** as untimely, and that the two other pending motions be **DISMISSED AS MOOT**.

I.  BACKGROUND

Petitioner, Mark J. Castanel, is currently incarcerated in the C. Paul Phelps Correctional Center.[2] The record reflects that he was charged on July 26, 1984 by bill of information with attempted simple robbery in Orleans Parish Criminal District Court Case No. 302-751.[3] Accompanied by counsel, Castanel entered a plea of guilty to that charge on July 30, 1984.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court may hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, id. § 2254(e)(2)(A)(I), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, id. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. Id. § 2254(e)(2)(B).

[2] Rec. Doc. 1, Petition, p.1.

[3] State Record (hereinafter "St. Rec.") Vol. 2 of 4, Bill of Information, 7/26/84.

[4] St. Rec. Vol. 2 of 4, Plea of Guilty form, 7/30/84.

2

On September 18, 1984, the district attorney filed a multiple offender bill charging Castanel as a second offender.[5] A hearing was held on September 18, 1984 at which Castanel, accompanied by counsel, entered a guilty plea.[6] After waiving delays, he was sentenced that day to two years imprisonment with credit for time served and consecutive to any other sentence he was serving.[7]

Some years later, Castanel was arrested again and charged by bill of information filed on September 12, 1997 with possession of a stolen vehicle valued over $500 in Orleans Parish in Case No. 391-923.[8] On November 10, 1997, Castanel with counsel entered a plea of guilty to that charge.[9]

At the plea hearing, the assistant district attorney filed a multiple bill charging Castanel as a second offender.[10] In completing the blanks on the multiple bill, the assistant district attorney referred to Castanel's predicate conviction for attempted armed robbery

---

[5] St. Rec. Vol. 2 of 4, Multiple Offender Bill of Information, 9/6/84.

[6] St. Rec. Vol. 2 of 4, Minutes of Multiple Bill Hearing, 9/18/94.

[7] Id.

[8] St. Rec. Vol. 1 of 4, Bill of Information, 9/12/97.

[9] St. Rec. Vol. 1 of 4, Waiver of Rights Form, 11/10/97 and Minutes of Plea and Multiple Bill Hearing, 11/10/97.

[10] St. Rec. Vol. 1 of 4, Multiple Offender Bill of Information and Minutes of Plea and Multiple Bill Hearing, 11/10/97.

in Case No. 302-751.[11] The case number was also erroneously written into a second blank as "302-951."[12]

On November 10, 1997, Castanel entered a plea of guilty to the multiple bill and was sentenced, after waiving delays, to seven years imprisonment with credit for time served.[13] Castanel's conviction became final five days later, on November 15, 1997, when he did not appeal and did not file a motion for reconsideration of the sentence.[14]

## II. PROCEDURAL BACKGROUND

On July 17, 1998, Castanel filed a writ application with the Louisiana Fourth Circuit Court of Appeal, Case No. 98-K-1543, in which he claimed that he had filed a post-conviction application about four months earlier, on March 23, 1998, in Case No. 391-923, challenging his 1997 conviction.[15] He apparently sought a writ of mandamus to compel the trial court to rule on the post-conviction application. The Louisiana Fourth

---

[11] St. Rec. Vol. 1 of 4, Multiple Offender Bill of Information.

[12] Id. This incorrect case number was thereafter carried in numerous court documents and opinions, as well as in Castanel's own pleadings.

[13] St. Rec. Vol. 1 of 4, Waiver of Rights as Multiple Offender form, 11/10/97 and Minutes of Plea and Multiple Bill Hearing, 11/10/97.

[14] A defendant must move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a motion to reconsider a sentence. La. Code Crim. P. art. 914. Under Louisiana law, failure to move for appeal timely under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985).

[15] St. Rec. Vol. 4 of 4, 4th Cir. Order, 98-K-1543, 7/17/98.

Circuit ordered the trial court to rule on the application allegedly filed on March 23, 1998, or, if no application had been filed, to inform Castanel of that fact and file a minute entry into the record indicating what action the trial court had taken.[16]

In compliance with that order, the trial judge entered a minute entry on July 24, 1998, which reflects that the Court did not receive Castanel's post-conviction application.[17] The trial court's order states: "The court did not receive defendant Mark Joseph Castanel's application for post-conviction relief. The defendant will be notified by the court of the failure to receive his application."[18] After that date, the trial court apparently obtained a copy of the post-conviction application, which was signed on March 19, 1998, and filed it into the record on September 25, 1998.[19] In that application, Castanel alleged the following grounds for relief: (a) his 1997 plea was involuntary and unlawfully induced and resulted in an excessive sentence because he was denied good-time eligibility, and (b) he was denied effective assistance of counsel. On September 24, 1998, the trial court denied the application "for lack of showing by the defendant."[20] Castanel did not appeal

---

[16] Id.

[17] St. Rec. Vol. 1 of 4, Minutes, 7/24/98.

[18] Id.

[19] St. Rec. Vol. 1 of 4, Post-Conviction Application, 3/19/98.

[20] St. Rec. Vol. 1 of 4, Trial Court Ruling, 9/24/98.

this ruling,[21] which became final 30 days later when Castanel failed to seek reconsideration or appellate review.[22]

On June 3, 1999, Castanel filed a pleading with the trial court entitled "Motion of Correction of Illegal Sentence; Petition for Writ of Habeas Corpus ad Testificandum."[23] In this motion, Castanel alleged that his sentence as a multiple offender was illegal and should be vacated. Castanel also asked for production of certain record documents he needed to support his arguments. The record does not contain a ruling by the trial court.

The record also contains a second Motion to Correct an Illegal Sentence which was file-stamped September 24, 1999.[24] The trial court's file stamp is crossed through as if the document was not filed. The record does not contain a ruling on this motion.

---

[21] On October 1, 1998, Castanel filed an application for writ of mandamus with the Louisiana Fourth Circuit in Case No. 98-K-2337. On November 12, 1998, the writ application was denied as moot since the trial court ruled on the post-conviction application and provided Castanel with the documents he requested. St. Rec. Vol. 4 of 4, 4th Cir. Order, 98-K-2337, 11/12/98.

[22] Under Louisiana procedural law, Castanel could not appeal this denial. Rather, he was required to seek a writ of review in the appellate court. La. Code Crim. P. 912.1(C)(1); Williams v. Cain, 217 F.3d 303, 304 (5th Cir. 2000). Rule 4-3 of the Uniform Rules of Louisiana Courts of Appeal allows for a trial court to fix a return date for filing a writ application no more than 30 days from the date of the ruling being challenged. Castanel did not file such a motion with the state trial court or pursue any review of the trial court's September 25, 1998 ruling. Nevertheless, under Williams, the matter is "pending" until no further appellate review is available. For purposes of time calculations, the Court will give Castanel the benefit of tolling the entire 30-day period before considering the state court's order no longer pending.

[23] St. Rec. Vol. 3 of 4, Motion to Correct an Illegal Sentence, 6/3/99.

[24] St. Rec. Vol. 3 of 4, Motion to Correct Illegal Sentence, 9/24/99.

On January 24, 2000, Castanel filed a post-conviction application with the Louisiana Fourth Circuit in Case No. 2000-K-0187.[25] On March 9, 2000, the writ application was denied on the basis that Castanel's post-conviction application was barred by State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996).[26]

In addition to these post-conviction applications and requests for collateral review, Castanel has filed numerous requests for production of documents and records with the state trial court. These requests have also generated at least six writ applications to the Louisiana Fourth Circuit in which Castanel sought mandates that the documents be provided so that he might pursue collateral review of his convictions:[27] Case No. 98-K-2337 (filed October 1, 1998, denied November 12, 1998); Case No. 98-K-2780 (filed November 19, 1998, denied January 8, 1999); Case No. 99-K-1363 (filed June 2, 1999, granted in part June 17, 1999); Case No. 99-K-1365 (filed June 2, 1999, granted in part August, 1999); Case No. 99-K-2673 (filed October 21, 1999, granted in part December 6,

---

[25] Suppl. St. Rec. Vol. 1 of 1, Post-Conviction Application, 4th Cir., 1/24/00.

[26] St. Rec. Vol. 4 of 4, 4th Cir. Order, 2000-K-0187, 3/9/00. In Melinie, the Louisiana Supreme Court ruled that claims of excessive sentence or errors in sentencing that should have been raised on direct appeal are not grounds for post-conviction relief. Melinie, 664 So. 2d at 1172 (citing La. Code Crim. P. art. 930.3).

[27] In its motion to dismiss, the State provided the Court with the filing dates of Castanel's various writ applications to the Louisiana Fourth Circuit. Staff of the undersigned magistrate judge also confirmed the filing dates of Castanel's writ applications with the Clerk of Court of the Louisiana Fourth Circuit.

1999); and Case No. 2000-K-0115 (filed January 18, 2000, granted in part March 8, 2000).[28]

Castanel's only writ application to the Louisiana Supreme Court was filed September 24, 1999, in Case No. 99-KH-2782.[29] Castanel sought mandamus enforcement of the production of documents ordered by the Louisiana Fourth Circuit in Case No. 99-K-1363. The application was granted in part on October 8, 1999.[30]

On January 6, 2000, Castanel signed the instant petition for federal habeas corpus relief, which was filed by the Clerk of Court on February 15, 2000.[31] Castanel raises two grounds for relief: (a) his conviction as a multiple offender was obtained in violation of the Double Jeopardy Clause, (b) his trial counsel was ineffective and (c) his guilty plea was unlawfully induced.

---

[28] Each of the decisions related to these writ applications can be found in St. Rec. Vol. 4 of 4.

[29] St. Rec. Vol. 3 of 4, Writ of Mandamus, 9/24/99.

[30] St. Rec. Vol. 3 of 4, S.Ct. Order, 1999-KH-2782, 10/8/99.

[31] This is not Castanel's first federal petition for habeas corpus relief. On May 29, 1998, Castanel signed an application for federal habeas relief, which was filed in this Court on June 8, 1998 in Civil Action No. 98-1646"LLM." By Order and Judgment entered August 14, 1998, the Court dismissed the petition for failure to exhaust state court remedies. This federal petition is not relevant to the timeliness of the instant petition under 28 U.S.C. § 2244(d)(2).

On May 18, 2000, the State filed an answer and incorporated motion to dismiss, contending that Castanel's instant petition is untimely or, alternatively, that he has failed to exhaust his state court remedies.[32]

III.   ANALYSIS

   A.   Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[33] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Castanel's petition, which, for reasons discussed below, is deemed submitted to this Court no later than January 6, 2000 and which was actually filed on February 15, 2000.[34]

---

[32] Rec. Doc. 12.

[33] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[34] A "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the Court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995); Lara v. Johnson, 141 F.3d 239, 241 n.2 (5th Cir. 1998), opin. modified on reh'g, 149 F.3d 1226 (5th Cir. 1998). Castanel's application was filed by the Clerk of this Court on February 15, 2000. However, he signed and dated the application on January 6, 2000, which would be the earliest date on which he could have delivered it to prison officials for mailing.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In its response to Castanel's petition, the State contends that Castanel has not exhausted his state court remedies and that his petition is untimely.

B.   Statute of Limitations

Section 2244(d)(1) of the amended statute requires a petitioner to bring his Section 2254 claims within one year of the date his conviction became final.[35] As noted above,

---

[35] Specifically, Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d). Subsections (1)(B) - (2) above do not appear to apply to the case at hand.

10

Castanel's 1997 conviction became final on November 15, 1997, five days after he was adjudicated a multiple offender and resentenced.[36]

Under the plain language of Section 2241, Castanel had until November 15, 1998, to file a timely federal application for post-conviction relief, but he failed to do so. Thus, literal application of the statute would bar Castanel's Section 2254 petition as of November 15, 1998. Castanel's petition was filed almost eighteen months after the deadline imposed by the AEDPA and must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only in "rare and exceptional circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998). In this case, Castanel has asserted no reasons that might constitute exceptional

---

[36] Under a broad reading, Castanel is challenging the use of his allegedly improper 1984 conviction to enhance his 1997 conviction. I note that Castanel is considered to be in custody for purposes of this petition. The United States Supreme Court recognizes the opportunity for a challenge to a current conviction or sentence when there has been an actual consequence, such as sentence enhancement, as the result of the prior conviction. Allen v. Collins, 924 F.2d 88, 89 (5th Cir. 1991); United States v. Clark, 203 F.3d 358, 364 (5th Cir. 2000). The Fifth Circuit has held that a "'positive and demonstrable nexus between [a petitioner's] current custody and the allegedly unconstitutional [prior] conviction' may be 'sufficient to meet the jurisdictional requirements of § 2254(a).'" Willis v. Collins, 989 F.2d 187, 189 (5th Cir. 1993) (quoting Young v. Lynaugh, 821 F.2d 1133, 1137 (5th Cir. 1987)).

circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 120 S. Ct. 1564 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court extended three times petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Second, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Rather, decisions of the Fifth

Circuit and other courts cited below have held that this statute is a tolling provision in that the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, No. 98-6747, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpubl. opin. avail. on Westlaw); Gray v. Waters, 26 F. Supp. 2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Williams v. Cain, 217 F.3d 303, 306, 307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). A matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'" Williams, 217 F.3d at 310 (quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 121 S. Ct. 361, 2000 WL 1663653 (Nov. 7, 2000)).

A review of the record indicates that Castanel's one-year filing period ran uninterrupted from the date his conviction became final on November 15, 1997 until no earlier than July 24, 1998, a total of 251 days.[37] However, the state court record also presents a question as to the filing date of Castanel's first post-conviction application. As noted above, Castanel alleged in a petition for writ of mandamus filed with the Louisiana Fourth Circuit that he had filed a post-conviction application with the trial court on March 23, 1998. The Fourth Circuit ordered the trial court to consider the application <u>if one had been filed</u> or to notify Castanel if no such petition had been filed.

In response to this mandate, the trial court made a finding on July 24, 1998 that it had not received a post-conviction application from Castanel. Specifically, the trial court stated: "The court did not receive defendant Mark Joseph Castanel's application for post-conviction relief. The defendant will be notified by the court of the failure to receive his application." The trial court denied post-conviction relief by order dated September 24, 1998, which was filed into the record on September 25, 1998. Castanel did not appeal.

---

[37] As noted by the State in its memorandum and as demonstrated by the state court record, Castanel made numerous requests for production of certain documents related to his 1997 conviction, beginning in early 1998. These requests often resulted in Castanel filing petitions for writ of mandamus with the Louisiana Fourth Circuit in which he alleged entitlement to the documents as necessary to assist in his collateral attack on the 1997 and 1984 convictions. These tangential proceedings, however, were not properly filed applications for post-conviction relief or other collateral review.

In making the foregoing finding, the state trial court made a determination which is entitled to a presumption of correctness by this Court. As provided in Section 2254(e)(1), "a determination of a factual issue made by a State court <u>shall be presumed to be correct. The applicant shall have the burden</u> of rebutting the presumption of correctness by <u>clear and convincing</u> evidence." 28 U.S.C. § 2254(e)(1) (emphasis added). The state court made a finding on July 24, 1998 that no application dated March 19, 1998 had been filed in its record, at least as of July 24, 1998. This is a finding that is entitled to a presumption of correctness by this Court. <u>Id.</u> "Factual issues are basic, primary or historical facts: facts in the sense of a recital of external events and the credibility of their narrators . . . . It is these 'factual issues' to which the statutory presumption of correctness predominately relates." <u>Berryman v. Morton</u>, 100 F.3d 1089, 1094 (3d Cir. 1996) (quotations omitted) (citing <u>Thompson v. Keohane</u>, 516 U.S. 99, 110 (1995); <u>Townsend v. Sain</u>, 372 U.S. 293, 309 (1963)); <u>see also</u> <u>Burdine v. Johnson</u>, No. 99-21034, 2000 WL 1610328, at *2 (5th Cir. Oct. 27, 2000) ("The state court's subsidiary findings of specific historical facts . . . are . . . entitled to a presumption of correctness . . . .") (quotation omitted); <u>accord</u> <u>Lucas v. Johnson</u>, 132 F.3d 1069, 1080 (5th Cir. 1998).[38]

---

[38] Although both <u>Burdine</u> and <u>Lucas</u> were decided under pre-AEDPA law, the federal courts owed the same deference to state court factual findings under that law.

Castanel has not presented any evidence that he filed the post-conviction application prior to the state court's July 24, 1998 minute entry, and he has failed completely to bear his burden of overcoming the legal presumption that this finding was correct. For a post-conviction application to be considered "properly filed," Castanel must have complied with all procedural filing requirements, including timeliness and location of filing. Williams, 217 F.3d at 306, 307 n.4. He has not done so and this Court cannot find that he had a properly filed post-conviction application pending on March 19, 1998.

At some point after July 24, 1998, for reasons and in a way that the state court record does not reveal, the trial court obtained a copy of the post-conviction application signed March 19, 1998. Although the record does not indicate when or how the document was obtained, a copy is in the record, bearing a September 25, 1998 file-stamp. Affording Castanel the benefit of every doubt, this Court will consider the post-conviction application to have been filed no earlier than July 24, 1998, the date on which the state court found that it had received no such application. Assuming that earliest possible filing date, the application tolled the AEDPA limitations period while it was pending until October 24, 1998, 30 days after the trial court denied relief and no further appellate relief was available.[39]

---

[39] I recognize that Castanel filed a writ of mandamus with the Louisiana Fourth Circuit on October 1, 1998 in which he sought a second directive for the trial court to review his post-conviction application. However, this was not an application seeking a review of the trial court's September 25, 1998

Castanel's filing period began to run again on October 25, 1998. It ran uninterrupted until what was left of the one-year limitations period (114 days) ended on February 15, 1999. Castanel's pleadings filed in the state court after February 15, 1999 are therefore not relevant to the timeliness calculation.

Castanel did not file the instant federal petition for habeas corpus relief until no earlier than January 6, 2000. Therefore, his federal petition was filed almost 11 months too late, and I must conclude that his present petition is untimely.

The State's motion to dismiss should be granted to the extent it contends that Castanel's petition is untimely under the AEDPA. Because I find that the instant petition is untimely, it is unnecessary for the Court to address the exhaustion issue. The State's motion in that regard is moot.[40]

---

ruling and therefore was not a continuation of that collateral attack. In any event, the filing of that writ does not alter this Court's timeliness calculation.

[40] Clearly, however, Castanel has not exhausted all available state court remedies. He has not applied to the Louisiana Supreme Court for any substantive review. He has in similar substance raised his claims to the trial court and recently sought review by the Louisiana Fourth Circuit in his post-conviction application that was dismissed as procedurally barred in Case No. 2000-K-0187. Castanel has not sought any further review from the state's highest court. The Louisiana Supreme Court must be provided with an adequate opportunity to consider the merits of his claims. Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). If for any reason the district judge finds the instant habeas corpus petition to be timely, it should nonetheless be dismissed without prejudice for failure to exhaust state court remedies.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that respondent's Motion to Dismiss (Rec. Doc. 12) be **GRANTED** on the basis that Castanel's petition for habeas corpus relief is untimely and that the petition of Mark Castanel for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred under the AEDPA.

It is further **RECOMMENDED** that petitioner's Motion for Addendum to Record (Rec. Doc. 14) and Motion for Issuance of a Subpoena Duces Tecum (Rec. Doc. 15) be **DISMISSED AS MOOT**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F. 3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____ day of December, 2000.

                                                    _____
                                                    JOSEPH C. WILKINSON, JR.
                                                    UNITED STATES MAGISTRATE JUDGE