U.S. DISTRICT COURT
Eastern District of Louisiana
FILED  JAN 8 2001
LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK JOSEPH CASTANEL, #107752 | CIVIL ACTION |
| VERSUS | NUMBER 00-0146 |
| STATE OF LOUISIANA | SECTION "L" (2) |

MOTION FOR APPOINTMENT OF COUNSEL

The United States District Court, U.S. Magistrate Judge Honorable Joseph C. Wilkinson, Jr., has filed a report and recommendation in the above captioned, recommending that petitioner be procedurally bared for failure to exhaust state court remedies.

Plaintiff asserts due to the gravity of the litigation, 1) A double jeopardy claim; 2) ineffective assistant of counsel at time of sentencing; 3) inability to perfect a Traverse to challenge the vast complexities of Title 28 U.S.C. § 2244(d). An appointment of counsel is necessary simply in the interest of justice.

Fee_____
Process____
X Dktd_____
X CtRmDep__
Doc.No.____

(1)

Plaintiff avers the well recognized rulings within the Circuit Courts concerning appointment of counsel to wit:

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. See 18 U.S.C.§ 3006A (a) (2) (B) ("Whenever... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who... is seeking relief under section 2241, 2254, or 2255 of title 28."). This has been the law of our circuit for many years:

[A]ppointment of counsel for indigents in habeas corpus and section 2255 proceedings rest in the sound discretion of district courts unless denial would result in fundamental fairness impinging on due process rights". See WINSETT v. WASHINGTON, 130 F.3rd 269 (7th Cir. 1997). cf. LaCLAIR v. UNITED STATES, 374 F.2nd 486,489 (7th Cir. 1967); FORBES v. EDGAR, 112 F. 3rd 262, 264 (7th Cir. 1997).

(2)

Plaintiff further avers that a hurdle of anxiety is being placed upon him by the unavailability of the Court's calendar closing days. Also the method the court uses to calculate Toll-Time ; when it is interrupted; or when it resumes et central.

Does weekends and official holidays count against the <u>Toll-Time</u> calculations? Despite the present calculation dilemma, plaintiff also asserts that his claims does have merit as expressed in;

> <u>HERNANDEZ v. MAXWELL,</u> (No. 90-8062, 7/10/90) 905 F.2nd 94 at 96 "The standard of review to state a claim upon which relief may be granted is well established. We must accept all well pleaded averments as true and view them in the light most favorable to the plaintiff".

Given this discussion the plaintiff reminds the court of his defective Docket Numbers on his <u>Bill of Information</u>; the retardation of <u>BARKER v. WINGO,</u> 407 U.S. 514, 33 L. Ed. 2d 101, 92 S.Ct. 2182 (1972), at 2192 n.17, which discusses excessive delays in the appellant process. Further within the discussion of;

> <u>HENANDEZ</u>, 905 F.2nd 94, 96. "Given his pro-se pleadings the expansive readings mandated by <u>HAINES v. KERNER,</u> 404 U.S. 519, 92 S.Ct. 594, 30 L. Ed. 2d 652 (1972)". Plaintiff also alleges violation of Constitutional Rights and officers malfeasance acting under the color of state law as in <u>HERNANDEZ.</u>

(3)

Plaintiff further states that as this litigation progresses it has placed a strain upon the plaintiff's ability to understand the apparent scoff and gibe language of the statues and their unfamiliarities. These complexities present an even more oppressed anxiety upon **Castanel,** for example: U.S. District Court

states that the record reflects plaintiff did not exhaust state remedies. **Castanel**, attaches as an illustration a copy of the Phelps Correctional Center's Legal Mail Log Book, which shows a signed entry for September 17, 1999. This the date **Castanel** forwarded **A Motion to Correct an Illegal Sentence and A Writ of Mandamus.** The Louisiana Supreme Court only acknowledges receiving the **Writ of Mandamus, Docket No. 99-KH-2782.** Both documents were mailed in the same package on September 17, 1999.

Within this entire Appellant process there has been a problem with all documents being mailed to and from the plaintiff. Example: On three (3) different occasions the Clerk states his office mailed documents to Castanel. Castanel has proved on three (3) occasions that he never received said documents and the Clerk had to resubmit all documents. The 4th Circuit alleged in writing that they mailed documents. Once again Castanel illustrated he never received said documents, and the 4th Circuit had to resubmit all documentation. Lastly, initially the courts claimed they never received Castanel's **Post Conviction,** and then it miraculously appeared two (2) months later. See: The Report and Recommendation # 00-0146.

**Wherefore,** given all of the above argument the Plaintiff be Granted appointment of Counsel as a matter of Justice; because of the sequence of contradictions from wrong docket numbers to the above mailing problems, and Castanel laymanship.

Respectfully Submitted,

*[signature: Mark J. Castanel]*

Mark Joseph Castanel,

#107752 Dorm HC-2

Phelps Correctional Center

Post Office Box 1056

DeQuincy, La. 70633-1056

Signed this _4th_ Day of January, 2001.

SERVICE INFORMATION:

Orleans Parish District Attorney

Honorable Harry F. Connick

619 S. White Street

New Orleans, La. 70119

**************************

UNITED STATES DISTRICT COURT

EASTERN DISTRICT

OF LOUISIANA
**************************

**********

CV-00-0146

**********