U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   FEB 0 2 2001

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK JOSEPH CASTANEL, #107752          CIVIL ACTION

VERSUS                                 NO.00-0146

STATE OF LOUISIANA                     SECTION "L" (2)

****************************************************************
TRAVERSE
****************************************************************

This matter came before United States Magistrate Judge for an analysis to determine whether or not plaintiff was in procedural default. Which would bar plaintiff from receiving hearings, including an evidentiary hearing if necessary, and also to submit propose findings and recommendations pursuant to 28 U.S.C. § 636 (b) (1) and (c), and Rule 8 (b) of governing Section 2254 cases.

Plaintiff now rebuts the findings in United States Magistrates Judge Honorable Joseph C. Wilkinson Jr., recommendation to have plaintiff petition dismissed with prejudice.

The United States District Court recommends that plaintiff's petition be; Dismissed as Untimely and Time-barred under the AEDPA standards.

Castanel disposes and says the alleged untimeliness and failure to exhaust is an error orchestrated by the State Courts omission to perform their duties; the State Actors neglect as Public Officer(s) and blatant disregard for Castanel's U.S. Constitutional Rights. Amendments 5, 6, 14.

Now the tremendous burden of deciphering the twisted gibe of the state's account; the U.S. District Courts report is given

Fee____
Process____
X  Dktd____
X  CtRmDep____
Doc.No.____

to an untrained person in the matter of law.

Castanel states the calculation was erroneously conducted against him in a bias manner. The calculation included legal holidays and weekends. The calculation by choice of the calculator disregards related filed collateral argument in the Fourth Circuit; the Louisiana Supreme Court, and the Habeas in this Court.

Castanel asserts because of his laymen ability he cannot begin to grope the formalities on how to even draft a proper format. Therefore, Castanel submits this written aggregation as a rebuttal. Starting with and in sequence to wit:

### ERROR #1

Plaintiff offers this hypothesis of public officers neglect which hindered Castanel through what appears to be a history of three (3) bias years of course of action. Due diligence could have ended this long turmoil in the year 1999. In the event the purpose delays; non-acknowledgements, and non-compliances would have not occurred.

**"The U.S. Magistrate said that on July 17, 1998 Castanel filed a writ of Mandamus (La. 4th Cir. #98-K-1543) alleging that he filed a Post Conviction on March 23, 1998"**. <u>See</u> **Report and Recommendation page 4.**

Further, Honorable Wilkinson offers to Castanel the "Mailbox Rule" which applies to pleadings. <u>See</u> Report and Recommendation page 9, ft. nt.34.

Plaintiff states if this Rule is going to apply fairly, than this Honorable Court must accept Castanel's accusation that the Post was turned over to a Sheriff Foti deputy for proper mailing; in lieu of Judge Wilkinson's discretionary findings opposing the <u>COLEMAN v. JOHNSON RULING</u>, 184 F. 3rd 398, 401 (5th Cir.1999), <u>Cert. Denied</u>, 120 S.Ct. 1564 (2000) Rule, on page 16:

"At some point after July 24, 1998, for reasons **[in a way**

**that the State Court record does not reveal]**, the trial court

obtained a copy of the Post Conviction application signed March 19, 1998. Although the record does not indicate **When** or **How** this document was obtained, a copy is in the record, bearing a **September 25, 1998 File Stamp.** Affording Castanel the benefit of every doubt, **[ this court will consider ]** the Post Conviction application to have been filed no earlier than **July 24, 1998,** the date on which the State Court found that it had received no such application".

Castanel averts this is arbitrary and capricious to the COLEMAN v. JOHNSON RULING, 184 F 3rd. 398. Reason why is; 1) Castanel turned over the Post to a prison official for delivery on **March 3, 1998.** 2) How can this Court state with discretion that **July 24, 1998** is the earliest date the court found the Post, when the Criminal District Court ruled on **July 24, 1998** that they did not receive it; 3) filed the Post into the record as receiving it on **September 25, 1998.** But made a ruling on this Non-Receipt of Post on **July 24, 1998?**

Is it the jurisprudence practice of the court to rule **"lack of showing by the defendant"** a day before they filed it into record as receiving it? Further, Judge Wilkinson states, "For reasons and in a way that the State Court record does not reveal", also the record does not indicate **When** or **How** the document was obtained. Suggests Malfeasance in Office of one acting under the color of the Law. Not only are these two (2) statements suggesting Malfeasance; they also illustrate a different postulation toward the entire tolling.

That is, pursuant to La. C. Cr. P. art. 930.1 a summary opinion was to be afforded to Castanel demonstrating why there exist a, "Lack of showing". However, Castanel did not receive the ruling from the Criminal District Court until the year 2000. **See prisoner's Mail Receipts from 1998 - 2000.**[1]

Moreover, Honorable Judge Alarcon ruled, "Lack of showing by the defendant",which implements La. C. Cr. P. Art[s] 927-930.1.

Castanel will return to this claim later.

### ERROR #2 IN THE CALCULATION

Plaintiff claims the starting date used in the court's analysis of the tolling is prejudice.

**November 15, 1997** cannot be instituted as the tolling date because the courts where officially closed. **The 15th was a Saturday, so tolling could not began until Monday the 17th.** Also Thanksgiving day, Christmas day, and whatever days the courts were closed in relation to these holidays. There is only thirty-three (33) working days for November and December 1997. Subtract five (5) of those days because of holidays, weekends toward the AEDPA's one year, or 365 working days and that gives Castanel **360** days to file, not the **318** days the States claim remained. Due to the Christmas and Holidays, Castanel assumes the court reopened **January 5, 1998.** For the year of 1998 there was a total of **246** working days starting from **January 5, 1998,** subtracting holidays, weekends, and related days the Court's were closed pursuant to these holidays.

The year 1999 applying the same arithmetic scrutiny, should apply toward holidays and, related days the court was closed because of these holidays and weekends. There was a total of **250** working days. A total of **496** days for 1998/1999. Without subtracting any pending collateral litigation. **360** days subtracted out of **496** leaves a remainder of **136** working days Castanel must account for. Therefore, beginning with the <u>Post</u> being handed over to prison officials for proper delivery starts the subtraction and all working days until **September 25, 1998** when the Court filed the <u>Post</u> into the record. This arithmetic scrutiny reason is based on Error 1's hypothesis.

The <u>Post Conviction</u> was pending **145** working days which is more than the **136** that Castanel needed to account for. But for the stake of argument Castanel offers the following graph. The State said the <u>Post</u> was pending **189** days, ( St. Rec. 1 of 4 vol.pg. # ) one of many conflicting calculations.

COURT CALENDAR GRAPH FOR
TOLLING CALCULATION

**PLAINTIFF (CASTANEL)**                    **STATE'S**

| | |
|---|---|
| \* November  17,  1997  starting | November 15, 1997 judgments |
| date "Monday" March 19, 1998 | final ( Rep. & Rec. pg.4 July |
| date  interruptions  starts | 24,  1998  date  allotted  to |
| because of the **Mail Box Rule.** | Castanel , 1st. interrupted |
| Days accumulated before not | 11/15/97-7/24/98 uninterrupted |
| counting holidays, weekend = 33 | days: 251, Rep. & Rec. pg.14. |
| for 1997 not counting holidays | However this Court includes |
| and weekends = 54 for 1998 total | weekends and holidays. |
| of 87 working from conviction | |
| to the filing of the Post. | |

However, Castanel understands the State will refute this calculation  and  relies on "Presumption of Correctness" as Judge Wilkinson  explains  on  page 15 of his Report & Recommendations. Castanel  points  out  that  Judge  Wilkinson  also  states, "The applicant  shall  have the burden of rebutting the presumption of correctness  by  clear  and convincing evidence". See **28 U.S.C. §  2254 (e) (1).**

Plaintiff counters Judge Wilkinson already rebutted and contradicted  the  presumption of correctness clause given to the state  within  his on text, which constitutes **" Factual, Primary, or  Historical  Facts"**.  Castanel  is referring to page 16 of the Report & Recommendation, where Judge Wilkinson states:

"The trial court obtained a copy of the
The Post Conviction Application **[ signed
March 19, 1998.]** Although the record
does not indicate **When** or **How** the
document was obtained".

Castanel further states to rebuttal the presumption of correctness entitled to the Court this synopsis. On **July 24,1998** Castanel's domicile was <u>Phelps Correctional Center,</u> located in DeQuincy, La. It is factually impossible for Castanel to have been in New Orleans without being accompanied by a correctional officer under a **Writ of Ad Testificandum,** left alone to sign and place a <u>Post Conviction</u> application into the States records. Just this type of premise to cover up neglect of a public officer[s] is preposterous.

Therefore, with this being demonstrated, plaintiff has accumulated another **87** days against the AEDPA's **365.** Which leaves the plaintiff **278** days grace to demonstrate sufficient interruption that will not be counted against plaintiff.

Honorable Judge Wilkinson states that because Castanel did not appeal the **September 24, 1998** <u>Post Conviction Denial</u> after **30** days, the denial became final on **October 24, 1998. See Reports & Recommendations pg.6.** Therefore, plaintiff's filing period began to run again on **October 25, 1998. See Reports & Recommendations pg.17.**

### ERROR #3 IN THE CALCULATION

Plaintiff refers back to <u>La. C. Cr. P Arts. 927-930.1</u> and the contents of <u>Writ 98-K-2337</u> which states:

" **Records available to this Court indicated that on September 24,1998, the trial court denied Mr.Castanel's application for <u>Post Conviction Relief</u> and forwarded to him the documents to which he is entitled under <u>State ex rel. Bernard v. Criminal District Court</u>, 94-2247 (La. 4/28/95), 653 So 2nd 1174. Accordingly, his writ applications moot".**

This language is gibe and did not not clearly inform Castanel of a direct answer from the Criminal District Court. Castanel directs the court to the above <u>Criminal Code of</u>

Procedure Articles 927 (A). " An answer is required only when a claim upon which relief could be granted has been stated".

Plaintiff directs the court to Claim II of the March 19,1998 Post Conviction:

> **" Attorney denied client's due process by not challenging habitual offender law, or validness of prior convictions, actual value of the automobile, and Boykin Rights".**

This constitutes a claim which relief could be Granted, or Article 929(A):

Furthermore, this alleged mailing of documents by public officers with no proof of plaintiff receiving isn't the beginning of the States cognizable insolent handling of Castanel's 14th Amendment and denial of access to the Courts. Castanel redirects this Honorable Court to the Post Conviction attachments, e.g. the letters requesting documents on **November 21, 1997,** allegedly forwarded on **December 30, 1998** but never received. As proof of never being in receipt and showing a neglect, Castanel offers to this Court a simple fact finder solution. Subpoena Sheriff Foti's legal mail delivery log book which should have Castanel's signature for the above dates as receiving. Castanel, moreover counters that the only transmittal from Orleans Parish Clerk was in the year 2000. This is when Castanel received a copy of his Post Conviction and other paper work the 4th Circuit did not send in **Writ 98-K-2780.** Castanel points out the writs contents concerning "Prisoner's Mail Receipt". And the following writs which demonstrates meaningless delays; neglect to Authoritive Court, and a continual showing of indirect cover-up just to avoid an evidentiary hearing through plotted means because the State cannot answer the the plaintiff's Double Jeopardy claim meritable with justification. The State would be offering a false statement in writing stacked on top of previous false statements concerning Case 231-368 and 302-951 (302-751). This is why the state filed for three (3) extensions in this matter, still I have not recovered the "Alleged Probation Consecutive Sentence", (231-368)

that was adjudicated severely with 302-951 or 302-751, yet there
exist No Boykin, No Bill of Information connoting a severed
sentence. But there does exist a five (5) year term pursuant to
Department of Corrections and the F.B.I. a contradiction of this
Honorable Courts Reports & recommendations page 4.

### ERROR #4

Plaintiff needed not to appeal Post Conviction due to La.
C. Cr. P. Art. 882 et. seq.; The ruling by this Court in 98-1646,
file stamp dated **August 13, 1998.** See attached ORDER page 1 and
specifically Foot Note # 1 pg.2. [2]

Castanel has attempted to exhaust State Remedies by
forwarding to the Louisiana Supreme Court a **Motion to Correct**
that the Louisiana Supreme Court never acknowledges receiving.
See Prisoners Legal Mail Log Book entry from Phelps Correctional
Center for **September 17, 1999.** The Supreme Court allotted a
Docket Number to the remedial writ accompanying the **Motion to
Correct.**

Castanel questions that surely the La. Supreme Court is not
suggesting that the Phelps Mail Room administration did not
"Pierce the Veil" of **18 U.S.C. § 3141.** Therefore, the "Mail Box
Rule" must apply here also as true that Castanel mailed a Motion
to Correct to the La. Supreme Court. Plaintiff even corresponded
to the La. Supreme Court asking did their court receive the
package in its entirety. **See October 1, 1999** Legal Mail Log Book,
entry( ), and assigned Writ Number, also a copy of the letter
attached herein.

Plaintiff relies on the DETERS v.COLLINS, 985 F. 2nd 795
decision:

> **"The requirement of the exhaustion
> concept are simple: An application
> must fairly apprise the highest
> court of his state of the federal
> rights which were allegedly violated",**

<u>Picard</u>, 92 S.Ct. at 512;
<u>Carter</u>, 677 F.2nd at 443: <u>Galtieri</u>
582 F. 2nd at 353.

Further, plaintiff avers the exhaustion requirement should
be excused because the State failed three (3) times to
satisfactorily protect Castanel's right to review. See
<u>Irwin v. Dowd</u>, 79 S.Ct. 825,831 (1959); <u>Parte Hawk</u>, 64 S.Ct.
448,450 (1944); <u>State ex rel. Kennedy v. Tyler</u>, 46 S. Ct. 1,2
(1925).

The canvassers at the motion hearings and sentencing phase
failed to protect Castanel's **Due Process Rights** because the
element of the crime was not satisfied, thus causing biasness and
Ineffective Assistance as Castanel can be demonstrated in Errors
5,6,& 7.

## ERROR #5

1) **The advise of Counsel was frivolous, because the
   essential element was not satisfied:**
2) **Pursuant to <u>BOYKIN v. ALABAMA,</u> the guilty plea was
   unintelligent, and unknowing because the essential
   elements of R.S. 14:69 was not satisfied before the Court
   accepted the plea.**

### DEMONSTRATION:

At no time prior to, or during the **Motion** hearings,
sentencing hearing, did the State present any evidence
to meet the essential element requirements set fourth for
LSA-R.S.14-69. No evidence was provided to determine
" When the value of the thing(s) is five hundred dollars
or more...", Castanel's Bill of Information charges him
with illegal possession of stolen things valued over
five hundred dollars. The burden of of the State is to
prove the value of the stolen thing(s)! The State failed

to meet this burden, violating Castanel's **DUE PROCESS &
EQUAL PROTECTION of the LAW.**

### ERROR #6

**DUE PROCESS & EQUAL PROTECTION of the LAW was violated by
the State of Louisiana, because no evidence was presented
by the State to convict Castanel of LSA-R.S.14:69.**
### DEMONSTRATION:
Not one simple piece of evidence was introduced into Court
to substantiate a valid conviction, guilty plea for
LSA-R.S.14:69, because no value of stolen thing(s) was
ever verified - an essential element required to convict
or accept a guilty plea for LSA-R.S. 14:69. A Bill of
Information   was   filed   against   Castanel   for   illegal
possession
of stolen things valued over five hundred dollars. But no
evidence was submitted to verify the value of the thing(s).
Captain Chester Cooke,III, of the Public Integrity Division,
of the New Orleans Police Department, states there is
**"NO STANDARD TEST"** to establish the value by the arresting
Officer. A clear violation of Castanel's **DUE PROCESS of the
LAW!**

### ERROR #7
Attorney Collins Sub Par performance meets the two prong
test set in **STRICKLAND v. WASHINGTON, 104 S.CT. 2052 (1984).**
[1] A minimum amount of investigation would have discovered
that   no   value   was   certified   in   the   Bill of Information for
illegal possession of stolen thing(s). This error is critical
to Castanel's   defense   because   a certified value of the stolen
thing(s) is the essential element for LSA-R.S. 14:69. [2]
Castanel's  sentence would mandate a change, because of the value
of the thing(s) certified under LSA-R.S.14:69.

In closing, Castanel avers Federal Courts are allowed to bypass the exhaustion requirements for the exhaustion doctrine that State remedies are <u>Adequate and Available</u>. See **ROSE** 102,S.Ct.1201 n.7, <u>**DUCKWORTH,**</u> 102 S.Ct. at 19; **PREISER**, 93 **S.CT.AT 1838;** <u>**YOUNG v.RAGEN**</u>, 69 S.CT. 1073,1074 (1949).


**WHEREFORE,** Plaintiff avers the pointless substantial delays through non-compliance with the Circuit Court Orders instructing the District Court to provide plaintiff with pertinent documents to perfect his appellate review. This retardation is best expressed in <u>**RHEUARK v. SHAW**</u> 628 F.2nd 297, 302 (5th Cir. 1980); <u>**RHEUARK v. SHAW**</u> 547 F.2nd 1257, 1259 (5th Cir. 1977).

Double jeopardy should not be viewed somnolent if the of Interest of Justice are to prevail fairly and afforded to any layman. Whose taking upon himself the task of litigating a grave issue against the enormity of the System.

**However,** Castanel has been issued a rubber check seared in flames of injustice while attempting to unlock the manacles of the appellant tribunal.

Plaintiff implores this Honorable Court to **ORDER** an <u>Evidentiary Hearing</u> in the Interest of Justice.


Respectfully Submitted,

Mark Joseph Castanel 107752
Phelps Correctional Center
Post Office Box 1056
DeQuincy, La. 70633-1056



# Supreme Court
### STATE OF LOUISIANA
### New Orleans

PASCAL F. CALOGERO, JR.
CHIEF JUSTICE

JOHN TARLTON OLIVIER
CLERK OF COURT

September 24, 1999.

301 LOYOLA AVENUE
NEW ORLEANS, LA  70112

TELEPHONE  (504) 568-5707
HOME PAGE  http://www.lasc.org

Mark Joseph Castanel (PRO SE)
107752 Dorm H-S, P.O. Box 1056
Phelps Correctional Center
Dequincy La  70633

Re: 99-KH- 2782
Castanel, Mark Joseph
\ S
State of Louisiana

This is to advise that the pleadings in the above entitled matter
were received and filed on 9/24/99. The case bears the above number
on the Docket of this Court.

John Tarlton Olivier
Clerk of Court

JTO:cab
ccs: Hon. Harry F. Connick
     Hon. Edwin Lombard, Clerk
     Hon. Danielle Schott, Clerk
     Hon. Frank A. Marullo, Jr.

Court of Appeal, Fourth Circuit, Number 99-K-1363
Criminal District Court Div."D" Number 302-951



## Supreme Court
### STATE OF LOUISIANA
### New Orleans

PASCAL F. CALOGERO, JR.
CHIEF JUSTICE

JOHN TARLTON OLIVIER
CLERK OF COURT

301 LOYOLA AVENUE
NEW ORLEANS, LA  70112

TELEPHONE  (504) 568-5707
HOME PAGE  http://www.lasc.org

October 8, 1999

Hon. Robert J. Klees
Chief Judge
Court of Appeal, Fourth Circuit
1515 Poydras St.
7th Floor
New Orleans, La. 70112

                In Re: State ex rel Mark Joseph Castanel
                       vs. State of Louisiana
                       No. 99-KH-2782

Dear Judge Klees:

Enclosed please find a copy of an Order of this Court
transferring the above entitled matter to your Court, which
is self-explanatory.  We are sending a copy of the pleadings
to the Clerk of your Court.

With kindest regards, I remain,

                Very truly yours,

                John Tarlton Olivier
                Clerk of Court

                *Katherine A. Fontana*
                BY: Katherine A. Fontana
                Deputy Clerk of Court

KAF/rd
ccs:  Hon. Danielle Schott
      Hon. Frank Marullo
      Hon. Edwin Lombard
      Hon. Harry F. Connick
      Mark Joseph Castanel
      Dept. of Corrections

EXHIBIT "4" "PRISONER's MAIL RECEIPT" LOG
Pg 6

**NAME AND DOC NUMBER:**

CASTANEL, MARK    B/M    #107752

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) RECEIVED | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | MAILROOM OFFICERS SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 7/30/98 | Clerk, 7th Dist. Ct | Mark Castanel | Shaun Z. Hallet |
| Legal Letter | 1 | 8/3/98 | Clerk, 4th Dist. Ct | Mark Castanel | Curtis J. |
| Legal Letter | 1 | 8/7/98 | Clerk, 4th Dist. Ct | Mark Castanel | |
| Legal Letter | 1 | 8/10/98 | Fourth Appeal Circuit | Mark Castanel | |
| Legal Letter | 2 | 8/14/98 | Clerk, 4th Dist. Ct | Mark Castanel | |
| Legal Letter | 1 | 8-18-99 | U.S. Dist. Court (L.A.) | Mark Castanel | |
| Legal Letter | 1 | 8/19/98 | Clerk, 4th Dist Court | Mark Castanel | |
| Legal Letter | 2 | 8/24/98 | Clerk, 5th Cir. | Mark Castanel | 08-25-98 |
| Legal Letter | 1 | 11/16/98 | United States 5th Cir. | Mark Castanel | 11-16-98 |
| Legal Letter | 1 | 12/21/98 | House of Rep. | Mark Castanel | 12/21/98 |

41

**NAME AND DOC NUMBER:** Mark Cantrell #107252

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) RECEIVED | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | MAILROOM OFFICERS SIGNATURE |
|---|---|---|---|---|---|
| legal letter | 1 | 2/4/99 | House of Rep. | Mark Cantrell | Lt. Cook 2-4-99 |
| legal letter | 1 | 3/1/99 | John A. Faire | Mark Cantrell | |
| legal letter | 1 | 6/2/99 | Dewberry, Appeal 4th Cir. | Mark Cantrell | |
| legal letter | 1 | 6/23/99 | Court of Appeal 4th Cir. | Mark Cantrell | |
| legal letter | 1 | 7/2/99 | Knox Co. Circuit 3rd Dist. Court | Mark Cantrell | |
| legal letter | 1 | 7/2/99 | I.R.S | Mark Cantrell | |
| legal letter | 1 | 7/2/99 | Alpachou, Sr. / State of Tenn. | Mark Cantrell | 7/2/99 |
| legal letter | 1 | 7/16/99 | State of Tenn. | Mark Cantrell | 7-16-99 |
| legal letter | 1 | 7/9/99 | Contin & Burb | Mark Cantrell | 7/9/99 |
| legal mail | 1 | 7/9/99 | U.S. dept of Justice | Mark Cantrell | 7/9/99 |

NAME AND DOC NUMBER: Mark G. Cartouh

#102752.

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 8/16/99 | I.R.S | Mark Cartouh | 8/16/99 |
| Legal Letter | 1 | 8/18/99 | U.S. Dist. Court | Mark Cartouh | 8/18/99 |
| Legal Letter | 1 | 8/20/99 | Georgia | Mark Cartouh | 8/20/99 |
| Legal Letter | 1 | 8/20/99 | Montgomery Bar | Mark Cartouh | 8/20/99 |
| Legal Letter | 1 | 8/17/99 | I.R.S. | Mark Cartouh | 8/17/99 |
| Legal Mail | 1 | 8/16/99 | I.R.S. | Mark Cartouh | 8-16-99 |
| Legal Mail | 1 | 9/20/99 | Claiborne, M.T. | Mark Cartouh | 9-20-99 |
| Legal Mail | 1 | 9/21/99 | U.S. Dept. of Justice | Mark Cartouh | 9-21-99 |
| Legal Letter | 1 | 9/27/99 | Supreme Court | Mark Cartouh | 9-27-99 |
| Legal Letter | 1 | 9/30/99 | Clerk U.S. Dist Court | Mark Cartouh | 9/30/99 |
| Legal Letter | 1 | 10/5/99 | Bureau of Prisons | Mark Cartouh | 10-5-99 |
| | | | | | |
| | | | | | |

NAME AND DOC NUMBER: Mark Cartwell 107752

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 10/1/99 | U.S. Dist. Court | Mark Cartwell | JLG 10-1-99 |
| Legal Letter | 1 | 10/4/99 | U.S. Dist. Court | Mark Cartwell | MHO 10-4-99 |
| Legal Letter | 1 | 10/11/99 | Supreme Court | Mark Cartwell | |
| Legal Mail | 1 | 10/25/99 | Vidalist Court | Mark Cartwell | |
| Legal Letter | 1 | 11/2/99 Mary L. Judge | | Mark Cartwell | |
| Legal Letter | 1 | 11/2/99 | U.S. Dist. Court | Mark Cartwell | |
| Legal Letter | 1 | 11/11/99 | U.S. Dist. Court | Mark Cartwell | |
| Legal Letter | 1 | | Court of Appeal Ca. | Mark Cartwell | |
| Legal Letter | 1 | 12/29/99 | | Mark Cartwell | |
| Legal Letter | 1 | 12/14/99 | | Mark Cartwell | |
| Legal Letter | 1 | 12-23-99 | BOPLA | Mark Cartwell | |
| Legal Letter | 1 | 12-23-99 | United States District Court | Mark Cartwell | |

44

NAME AND DOC NUMBER: _____

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 2/8/00 | U.S. Dist Court | Mark Crotwell | Cpt. DB |
| Legal Letter | 1 | 2/8/00 | Supreme Court | Mark Crotwell | Lt. Kelly |
| Legal Mail | 1 | 2/9/00 | U.S. Dist. Court | Mark Crotwell | Sgt. M. Brown |
| Legal Letter | 1 | 2/11/00 | Court - U.S. Dist. Ct. | Mark Crotwell | Lt. L. McCoy 2:11:00 |
| Legal Letter | 2 | 2/16/00 | U.S.S. Dist. Ct. | Mark Crotwell | Lt. 2/16/00 |
| Legal Letter | 2 | 2/25/00 | U.S. Dist. Ct. | Mark Crotwell | 2/25/00 |
| Legal Letter | 2 | 2/28/00 | U.S. Dist. Ct. | Mark Crotwell | 2/28/00 |
| Legal Letter | 1 | 3/1/00 | Court of Appeal 4th Cir. | Mark Crotwell | 3/1/00 |
| Legal Letter | 1 | 3/9/00 | Court of Appeal | Mark Crotwell | 3/9/00 |
| Legal Letter | 1 | 3/9/00 | Court of Appeal 4th Cir. | Mark Crotwell | 3/9/00 |
| Legal Letter | 1 | 3/9/00 | Court of Appeal | Mark Crotwell | 3/9/00 |

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | NAME AND DOC NUMBER: INMATE'S SIGNATURE | OFFICER SIGNATURE |
|---|---|---|---|---|---|
| Legal Mail | 1 | 2/8/00 | U.S. Dist. Court | Mark Costaned | |
| Legal Letter | 1 | 2/14/00 | Supreme Court | Mark Costaned | |
| Legal Mail | 1 | 2/8/00 | U.S. Dist. Court | Mark M. Owen | |
| Legal Letter | 1 | 2/11/00 | Clerk - U.S. Dist. Ct. | Mark Costaned | |
| Legal Letter | 2 | 2/16/00 | U.S. 5th Dist. Ct. | Mark Costaned | |
| Legal Letter | 2 | 2/28/00 | U.S. 5th Dist. Ct. | Mark Costaned | |
| Legal Letter | 1 | 3/7/00 | 5th Cir. Ct. of Appeal | Mark Costaned | |
| Legal Letter | 1 | 3/7/00 | Supreme Court | Mark Costaned | |
| Legal Letter | 1 | 3/9/00 | 5th Cir. | Mark Costaned | |
| Legal Letter | 1 | 3/9/00 | Court of Appeal | Mark Costaned | |
| Legal Mail | 1 | 3/13/00 | | Mark Costaned | |
| Legal Letter | 2 | 3/15/00 | U.S. Dist. Court | Mark Costaned | |

1) Show just Cause the basis of a note explanation given to the court and Petitioner on the Lost 3, three requests for explanations by this suspension.

or;

2) Issue a Judgment in Petitioners behalf

or;

3) a decret be issued to the suspension prohibiting any further extensions in this matter.

NAME AND DOC NUMBER: _____

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 3/23/2000 | District Attorney, Counsel | Mark Cortondl | Pat- Sig 3/23/00 |
| Legal Letter | 1 | 3/27/00 | U.S. Dist. Court | Mark Cortondl | Pat- Sig |
| Legal Letter | 1 | 3/31/2000 | Clerk U.S. Dist. Court | Mark Cortondl | 3/31/00 |
| Legal Letter | 1 | 4/3/00 | Law Library of La. | Mark Cortondl | Pat Sig 4/3/00 |
| Legal Letter | 1 | 4/3/00 | Attorney Counsel | Mark Cortondl | Pat Sig 4/3/00 |
| Legal Letter | 2 | 4/14/00 | U.S. Dist. Court | Mark Cortondl | Pat Sig 4/14/00 |
| Legal Letter | 1 | 4/14/00 | Louis A. White | Mark Cortondl | Pat Sig 4/14/00 |
| Legal Letter | 1 | 4/19/00 | La. Atty. Disp. Brd. | Mark Cortondl | 4/19/00 |
| Legal Letter | 1 | 5/1/00 | Atty. Counsel | Mark Cortondl | Sig Pat 5/1/00 |
| Legal Letter | 1 | 5/1/00 | Court of Appeal | Mark Cortondl | Pat Sig 5/1/00 |
| Legal Letter | 1 | 5/8/00 | Atty. Counsel | Mark Cortondl | Sig Pat |

NAME AND DOC NUMBER: _Mark J. Cottrell #_____

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 5/4/2000 | U.S. Dist. Court | Mark J. Cottrell | Lt. Mitch 5-4-00 |
| Legal Letter | 1 | 5/22/2000 | U.S. Dist. Court | Mark Cottrell | 5/22/00 |
| Legal Letter | 1 | 5/16/2000 | U.S. Dist. Court | Mark Cottrell | 5/16/00 |
| Legal Mail | 1 | 5/25/2000 | (Atty. office) | Mark Cottrell | R. Misa 5-25-00 |
| Legal Letter | 1 | 7/28/2000 | AC & U | Mark Cottrell | Lt. Clopn 7-28-0 |
| Legal Letter | 1 | 8/10/00 | U.S. Dist. Court | Mark Cottrell | 8/10/00 |
| Legal Letter | 1 | 8/18/2000 | AC & U | Mark Cottrell | Lt. O Smith 8/18/0 |
| Legal Letter | 1 | 9/8/2000 | (Atty. Letter) | Mark Cottrell | 9-8-00 |
| Legal Letter | 1 | 9/20/2000 | (Atty. Grievance Board) | Mark Cottrell | Lt. Clopn 9-20-00 |
| Legal Letter | 1 | 10/5/2000 | U.S. Dist. Court | Mark Cottrell | Lt. O Smith 10-5-00 |

NAME AND DOC NUMBER: _Theadd Cockrell # 101A58?_

| DESCRIPTION OF ITEMS RECEIVED | NUMBER OF ITEM(S) | DATE RECEIVED | VENDOR | INMATE'S SIGNATURE | OFFICER'S SIGNATURE |
|---|---|---|---|---|---|
| Legal Letter | 1 | 10/16/2000 | N.O. Da. (Dept of Police) | Matt Cockrell | CHoper 10-16-00 |
| Legal Letter | 1 | 10/27/2000 | U.S. Dist Court | Matt Cockrell | Lt D Smith 10-27-00 |
| Legal Letter | 1 | 11/3/2000 | Missouri Souther + Edr | Matt Cockrell | Cell Page |
| Legal Mail | 3 | 12/6/2000 | N.O. Da / U.S. Dist Court | Matt Cockrell | pl. Make |
| Legal Letter | 1 | 12/13/2000 | State of La. | Matt Cockrell | Sfl Sph? |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |



FILED
U.S. DISTRICT COURT
EASTERN D....

AUG 13  II 13 AM '98

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARK CASTANEL**                                    CIVIL ACTION

**VERSUS**                                           NO. 98-1646

**CHARLES C. FOTI, JR. SHERIFF**                     SECTION "LLM"

### O R D E R

This matter came before this Court pursuant to 28 U.S.C. §
2254. Upon review of the entire record, the Court has determined
that this matter can be disposed of without an evidentiary hearing.
For the reasons set forth below, it is the finding of this Court
that the instant petition be **DISMISSED WITHOUT PREJUDICE** for
failure to exhaust state court remedies.

In this petition, **MARK CASTANEL** seeks relief from his 1997
state court conviction for possession of a stolen auto. Petitioner
raises the following issues as grounds for relief:

1) conviction obtained by plea of guilty which was unlawfully
induced or not made voluntarily with understanding of the
nature of the charge and consequences of the plea; and
2) denial of right of appeal.

**AUG 1 4 1998**

DATE OF ENTRY_____

_____ Fee_____
_____ Process_____
X  /Dktd_____
____ CtRmDep_____
Doc.No._____

EXHIBIT #2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT

AUG 13  11 13 AM '98

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARK CASTANEL**                                    CIVIL ACTION

**VERSUS**                                          NO. 98-1646

**CHARLES C. FOTI, JR. SHERIFF**                     SECTION "LLM"

### J U D G M E N T

The Court having ordered that the above captioned matter be
dismissed without prejudice with its opinion herein; accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment in
favor of the defendant, Charles C. Foti, Jr. Sheriff, and against
petitioner, Mark Castanel, dismissing without prejudice his
petition for issuance of a writ of habeas corpus under 28 U.S.C. §
2254.

New Orleans, Louisiana, this 10th day of August, 1998.

AUG 14 1998

_Lansing L. Mitchell_
LANSING L. MITCHELL
UNITED STATES DISTRICT JUDGE

DATE OF ENTRY:

___Fee___
___Process___
X _Dktd_
✓_CtRmDep_
Doc.No.



8/25/99 Honorable Lorretta G. Whyte,
Clerk of Court, U.S. Courthouse
Eastern District, 500 Camp St.
New Orleans, La. 70130
(Mark Castanel #107752)

9/17/99 Clerk of Court: J. T. Olivier
Supreme Court of La.
200 Supreme Court Build.
301 Loyola Ave.
New Orleans, La. 70112-1887
(Mark J. Castanel)

10-1-99 Clerk of Court: J.T. Olivier
Supreme Court of Louisiana
200 Supreme Court Build.
301 Loyola Ave. #99-KH-2782
New Orleans, La. 70112-1887
(Mark J. Castanel)

11/13/99 U.S. Dist. Court, Eastern Dist. Sect. J(2)
500 Camp St., New Orleans, La. 70130
(Mark Castanel):

September 17, 19999

Mark J. Castanel
#107752, Dorm: H-5
Phelps Correctional Center
P.O.Box 1056
Dequincy, La. 70633

John Tarlton Olivier, Clerk
Louisiana Supreme Court
220 Supreme  Court Bldg.
301 Loyola Ave.
New Orleans, La. 70112-1887

Re: <u>motion to correct an
    illegal sentence/ writ
    of mandamus.</u>

Dear Mr. Olivier, Clerk:

    Please find enclosed an original motion to correct an illegal
sentence and affidavit in support to proceed in forma pauperis.

    Also, a writ of mandamus that I wish to file within the Supreme
Court.

    This motion to correct an illegal sentence is a re-direct
application, due to the first one being filed on the date of
June 7, 1999, within the Fourth Circuit, Court of Appeals, which
ruled that the motion had no merit, without written opinion as
to this ruling.

    Pertaining to the writ of mandamus, the Fourth Circuit, Court
of Appeal ordered the District Court to provide the petitioner
with copies of the transcript,(Boykin), inwhich the clerk of
Court has not complied with as of the above date of this letter.

                              Rspectfully Yours,

                              Mark J. Castanel

CC:

    Files



# DEPARTMENT OF POLICE

P O Box 51480
New Orleans, Louisiana 70151

**MARC H. MORIAL**
MAYOR

*"to protect and to serve"*

**RICHARD J. PENNINGTON**
SUPERINTENDENT

September 12, 2000

OUR REF:27051AA

Mr. Mark Castanel, #107752
Phelps Correctional Center, Dorm H-7
P.O. Box 1056
DeQuincy, LA 70633

Dear Mr. Castanel:

The New Orleans Police Department and the Public Integrity Division have no time limitations regarding the filing of complaints against Department personnel. However, in the case of delayed complaints it is usually harder to locate witnesses and conduct thorough investigations. In the case of criminal complaints, state law may prescribe time limitations which may affect the ability to prosecute individuals for certain crimes.

There is no standard field test for an officer in estimating the value of a stolen auto. While some officers might check reference sources for the estimated value of a particular model vehicle, usually the value is a common sense estimate by the owner or investigating officer.

A certain amount of information is necessary to determine the date that an auto was reported stolen to the New Orleans Police Department. The NOPD Record Room can check a police item number or victim's name to determine whether they filed a stolen report on a particular vehicle. Also the Record Room, NCIC Section may determine from a vehicle license plate or VIN when the vehicle was reported stolen. The Record Room may be contacted via mail at 715 South Broad, New Orleans, LA 70119.

Sincerely,

RICHARD J. PENNINGTON
Superintendent of Police

By: *Chester D. Cooke*

Captain Chester G. Cooke, III
Public Integrity Division

RJP:CGC:db

70633-1056

Mr. Mark Castanel
#107752, Dorm H-7
PHELPS CORRECTIONAL CENTER
P.O. BOX 1056
DEQUINCY, LA 70633

Public Integrity Division
NEW ORLEANS, LOUISIANA 70119
715 S. BROAD AVENUE
DEPARTMENT OF POLICE





**Office Of The Clerk Of Court**

PARISH OF ORLEANS
CRIMINAL DISTRICT COURT

EDWIN A. LOMBARD, CLERK
EX-OFFICIO CUSTODIAN OF VOTING MACHINES

2700 Tulane Avenue
New Orleans, Louisiana 70119
504/827-9260

TRANSMITTAL OF DOCUMENT REQUEST

March 6, 2000

Dear  Mr. Castanel  #107752                :

As per your request of  Order of the Fourth Court of Appeal           in

reference to Case Number(s)  391-923                        Section " L ".

Enclosed please find certified copies of:

Certified copies of the entire record in the Clerk's Office.  I am also

sending you copies of Case No. 302-951 as you will see that case belongs to

someone else

Copies such as police reports, coroner's reports, print-out of all arrests are
not in clerk's office files.  I suggest you contact the various departments.

For trial, sentencing and plea of guilty transcripts verbatim etc:  copies must
be obtained from the Court Reporter for Section  L  of the Criminal District
Court for Orleans Parish.

I hope this information is sufficient, but should you need any additional infor-
mation or assistance, please feel free to contact this office.

Mailed to:                              Sincerely,

D.O.C. #107752                          EDWIN A. LOMBARD, CLERK
Dorm H-5 Box 1056                       CRIMINAL DISTRICT COURT
DeQuincy, LA.  70633

cc:  Fourth Court of Appeal
     No. 99-K-2673                      BY:  DEPUTY CLERK

                                        March  6, 2000
                                        _____
                                              DATE

enclosures
cc: case file

**R.S. 14:69**
Note 4

## § 69. Illegal possession of stolen things

### Notes of Decisions

**4. Nature and elements of offense, generally**

In order to sustain a conviction for possession of a stolen vehicle valued over $500, the state must prove the following: (1) that the vehicle was stolen; (2) that the vehicle was worth more than $500; (3) that the defendant knew or should have known that the vehicle was stolen; and, (4) that the defendant intentionally received the property. State v. Riley, App. 4 Cir.1999, 98-1323 (La.App. 4 Cir. 8/4/99), 744 So.2d 664.

Elements of illegal possession of stolen things are: (1) intent, (2) possessing, procuring, receiving, or concealing stolen goods, and (3) knowledge that the goods are stolen. State v. Dyson, App. 1 Cir.1999, 98 1387 (La.App. 1 Cir. 4/1/99), 734 So.2d 786.

**5. Intent**

Illegal possession of stolen property is a general intent crime. State v. Powell, App. 4 Cir.1999, 98-0278 (La.App. 4 Cir. 11/17/99), 746 So.2d 825.

**28. Weight and sufficiency of evidence—In general**

Evidence was insufficient to prove that items defendant possessed were stolen, thus failing to establish essential element of crime of illegal possession of stolen things, where only one of four allegedly stolen items was tentatively identified by victim, her identification was equivocal, and identified item was not on computer printout, provided by victim who did not testify, that listed property by serial numbers. State v. Dyson, App. 1 Cir. 1999, 98 1387 (La.App. 1 Cir. 4/1/99), 734 So.2d 786.

**31. —— Knowledge of theft, weight and sufficiency of evidence**

Evidence supported finding that defendant knew or should have known that vehicle was stolen, supporting conviction for possession of stolen property; although steering column was not broken and vehicle identification number (VIN) was not scratched out, vehicle had no license and defendant could produce no registration papers or bill of sale, defendant's sister testified that defendant worked on vehicle for salesman and that defendant knew vehicle belonged to dealership but did not call dealership when salesman did not pick up vehicle, and defendant had independent locksmith make new ignition key rather than obtain key from dealer. State v. Powell, App. 4 Cir.1999, 98-0278 (La.App. 4 Cir. 11/17/99), 746 So.2d 825.

## § 70.1. Medicaid fraud

Evidence in prosecution for possession of stolen property valued at $500 or more was sufficient to support finding of element that defendant knew or should have known that vehicle was stolen; defendant possessed and used filed-down substitute key that did not fit into vehicle's ignition or locks. State v. Bordes, App. 4 Cir.1999, 98-0086 (La.App. 4 Cir. 6/16/99), 738 So.2d 143.

**32. —— Value of property, weight and sufficiency of evidence**

Georgia conviction for theft by receiving stolen property could not be used as predicate conviction in multiple offender proceeding, where Georgia statute does not require that value of stolen goods be proven in order for court to determine penalty, value of stolen property is integral part of classification of offense under Louisiana statute as misdemeanor or felony, and state must present credible, admissible evidence to support estimate of stolen property's value. State v. Dawson, App. 4 Cir.2000, 99-2489 (La.App. 4 Cir. 2/2/00), So.2d 338.

Vehicle owner's testimony in prosecution for possession of stolen vehicle valued over $500 was sufficient to prove beyond reasonable doubt that vehicle was valued over $500; owner's uncontradicted testimony provided that he purchased vehicle one year prior to offense for $3,000 and that vehicle was in very good condition. State v. Riley, App. 4 Cir.1999, 98-1323 (La.App. 4 Cir. 8/4/99) 744 So.2d 664.

If clear and uncontradicted, testimony of an owner as to the purchase price of a vehicle is generally sufficient to establish the value of the vehicle, for the purpose of a prosecution for possession of a stolen vehicle valued over $500. State v. Riley, App. 4 Cir.1999, 98-1323 (La.App. 4 Cir. 8/4/99), 744 So.2d 664.

**41. —— Conditions of sentence, generally, sentence and punishment**

Sentencing defendant, who was convicted of possession of stolen vehicle valued over $500, to 18 years at hard labor as second-felony offender was not constitutionally excessive, where defendant admitted to prior drug possession convictions, was on probation when he committed offense, and endangered himself and others in attempt to flee. State v. Riley, App. 4 Cir.1999, 98-1323 (La.App. 4 Cir. 8/4/99), 744 So.2d 664.

### Notes of Decisions

**3. Knowledge and intent**

Medicaid fraud is a specific intent crime. State v. Rollins, App. 2 Cir.1999, 32,686 (La App. 2 Cir. 12/22/99), 749 So.2d 890.

**5. Admissibility of evidence—In general**

Defendant being prosecuted for Medicaid fraud was not entitled to submit billing records from

