MINUTE ENTRY
FALLON, J.
JULY 2, 2001

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL -3 PM 3: 33

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK J. CASTANEL | CIVIL ACTION |
| VERSUS | NO. 00-0146 |
| STATE OF LOUISIANA | SECTION "L" (2) |

Petitioner Mark J. Castanel filed objections styled as "Traverse" to the Magistrate Judge's Report and Recommendation in this above captioned matter. The Court has reviewed the record, the applicable jurisprudence, the Magistrate Judge's Report and Recommendation, and the Petitioner's objections. For the following reasons, the Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

On November 10, 1997, Castanel pled guilty, as a multiple offender, to a bill of information charging him with possession of a stolen vehicle valued over $500 in Orleans Parish case number 391-923. On that same day, Castanel was sentenced to seven years imprisonment with credit for time served. The conviction became final on November 15, 1997, when Castanel did not appeal or file any motion for reconsideration of his sentence. *See* L.S.A-C.Cr.P. Art. 914.

On February 15, 2000, Petitioner filed the instant petition for federal habeas corpus relief in this Court. The petition was dated January 6, 2000. The United States Magistrate Judge assigned to this matter found that Castanel's Petition was untimely and recommended that it be dismissed with prejudice. The Magistrate Judge also noted that Castanel had not exhausted all available state court remedies but declined to rule on the exhaustion issue.

DATE OF ENTRY
JUL 5 2001

On January 2, 2001, this Court granted Petitioner's request for a 30 day extension to file written objections to the Report and Recommendation. On February 1, 2001, a second Order was entered granting Petitioner until March 1, 2001 to file any objections.

Petitioner raises seven objections to the Report and Recommendation. Objections 1, 2, and 3 argue that his petition was timely filed. Castanel first argues that the State Court mishandled his post-conviction application. The Report and Recommendation found that Castanel did not present any evidence that his petition was mishandled and he does not provide any evidence in his objections. Castanel next asserts that the Report and Recommendation miscalculates the statute of limitation under 28 U.S.C.A. § 2244(d). Section 2244(d) states, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody." 28 U.S.C.A. § 2244(d)(1). Petitioner argues that instead of one calendar year, he should be allowed 365 "working days." There is simple no legal justification for this argument; the plain language of the statue is one year, not 365 working days. Finally, Petitioner argues the period of limitations should have be tolled during the time that he was allegedly encountering problems obtaining documents requested from the State. The Court finds no reason that the period of limitations should be tolled in this case. Therefore, Petitioners objections 1, 2, and 3 are denied.

Petitioner's fourth objection is that he should be excused from the exhaustion requirements because he has tried unsuccessfully to exhaust his State remedies. While the Court notes that Castanel has not properly exhausted all available State Court remedies, it need not consider the issue of exhaustion because the petition was not filed timely.

Objections 5, 6 and 7 are substantive attacks on Castanel's plea and conviction. Because Castanel's petition was not timely filed, the Court will not consider these arguments.

Castanel also filed a pleading titled "Addendum to the Record" on May 23, 2001. This pleading does not address the timeliness issue. Instead, Petitioner raises substantive arguments regarding his double jeopardy claim, requests an evidentiary hearing on that claim and requests that the "Addendum" be filed into the record. The Court will treat this pleading as a supplement to Castanel's objections to the Magistrate's Report and Recommendation. As the Court finds that Petitioner's habeas petition is untimely, it is unnecessary for the Court to consider the substantive arguments in the Addendum. There is a Order attached to the Addendum. The Court will permit the Addendum to be filed into the record. However, any additional relief sought by the Addendum and the Order, including the request for an evidentiary hearing is DENIED.

For the foregoing reasons, Castanel's petition for writ of habeas corpus is time-barred. Accordingly, the petitioner's Objection to Magistrate's Report and Recommendation is DENIED and the Petition for Writ of Habeas Corpus is HEREBY DISMISSED with prejudice.